## WALKER ET AL V. SCOFIELD.

**Continuance**: DISCRETION: NEGLIGENCE. When the party applying for a continuance has been guilty of negligence, the Supreme Court will sustain the order refusing the continuance, even where it would have been no abuse of discretion to grant the application.

*Appeal from Webster District Court.*

SATURDAY, OCTOBER 24.

THIS is an appeal from an order overruling the defendant's motion for a continuance. The defendant appeals.

*Theo. Hawley*, for appellant.

*Botsford & Yeoman*, for appellees.

COLE, J.—On the 10th day of January, 1874, the plaintiffs caused an original notice to be personally served upon the defendant in Webster county, that on the 20th day of February, 1874, a petition would be filed in the District Court of said county, claiming of the defendant one hundred dollars for money had and received of the plaintiffs upon false and fraudulent representations. On February 19, a petition was filed averring that the plaintiffs had made and delivered to the defendant their promissory note, and after the note became due, and on August 26, 1871, upon the defendant's representation that he still owned and held the note, they paid him one hundred dollars thereon, when in truth he did not own or hold said note, but had transferred the same to one Coffin before due; afterwards, and on March 10, 1874, plaintiffs amended their petition by averring that defendant was not the agent of Coffin, or authorized to receive the money, and it had never been credited on said note. On the same day the defendant filed his answer denying each and every allegation of the petition; and for a counter-claim averred that plaintiffs, on August 28, 1871, agreed in writing, a copy of which is set out, to pay for defendant the taxes on certain lands; that they had not

paid them, and they amounted to $200, for which he asked judgment. The plaintiffs filed a reply in denial.

On the same day the defendant filed an affidavit and motion for continuance. The affidavit was made by the defendant's attorney, and stated that the defendant resides in Lincoln county, Kansas, and did when the action was commenced; that as soon as the petition was filed, a copy was sent defendant with a request to state his defense, and the grounds of it; that an answer was not received until after the term of court commenced, and too late to procure the defendant's testimony; that defendant has a good defense, and is himself a material witness, without whose testimony he cannot safely go to trial. The affidavit then sets out what the witness will testify to, which would show the facts of the counter-claim as pleaded, and that the hundred dollars was paid on it. It is then further stated that the affiant believes such facts to be true, and knows of no other witness to them; that the testimony of said defendant can be procured upon deposition, to be used at the next term; that this affidavit is not made by defendant, because he is absent and at his residence in Kansas.

The affidavit was objected to, because it shows no diligence. The continuance was refused, and the defendant duly excepted, and now assigns the overruling of the motion for continuance, as error.

Surely there would have been no error if the court had granted the motion and continued the cause. But the showing is not such as to justify us in reversing the ruling of the District Court. It will be observed that the defendant was in Webster county, on the 10th day of January, 1874, and was served with notice there. He could then have advised his counsel of his defense, and arranged for the taking of his own deposition immediately upon the filing of the petition and his answer. The failure to provide for his defense, and the taking of his own deposition while he was upon the ground, and before leaving the state for his home without any intention of returning, may not improperly be adjudged negligence; and our statute provides that "a continuance shall not be granted for any cause growing out of the fault or negligence of the

party applying therefor." Code, Sec. 2749. The granting or refusing of a continuance involves more or less of discretion; and it is very apparent that we would not be justified in declaring, in view of all the facts of this case, that there was an abuse of discretion in refusing a continuance. And this, too, while we might. have granted it, if we had originally passed upon the application.

AFFIRMED. ·